IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES E. WOODARD,

    Plaintiff,

vs.                                No. 1:14-CV-01040

VALUE TRANSPORTATION SERVICE, PEDRO R. PENA and GRANITE STATE INSURANCE COMPANY, a foreign corporation and non-resident insurance company doing business in New Mexico,

    Defendants.

**COMPLAINT FOR PERSONAL INJURIES,
MONEY DAMAGES**

COMES NOW Plaintiff, James E. Woodard, by and through his counsel of record Will Ferguson & Associates ( Robert C. Gutierrez ) and for his complaint for personal injuries and money damages, states as follows:

**ALLEGATIONS OF JURISDICTION, VENUE AND FACTS
COMMON TO ALL COUNTS OF COMPLAINT**

1.    The motor vehicle / trucking accident that is the subject of this lawsuit occurred on April 2, 2014 on Interstate 10 near mile posts 10 and 11 in Hidalgo County, New Mexico.

2.    At the time of the subject accident the Plaintiff was residing in Deming, New Mexico, Mr. Woodard was born July 30th, 1934, is over the age of majority, and is otherwise competent to bring this lawsuit.

3.      Upon information and belief, Defendant Value Transportation Service is a foreign corporation or company doing business in the State of New Mexico and is the an owner and operator of commercial vehicles used for intrastate use in New Mexico.

4.      Defendant Value Transportation Services was the owner and operator of a certain subject 2004 semi tractor trailer, California license plate #VP52180 vin #1FUJAPCK64DL92223 involved in the subject motor vehicle accident.

5.      Upon information and belief, Defendant Pedro R. Pena, is a resident of Los Angeles California who was born July 29th, 1967, is over the age of majority and is not an active member of the United States military.

6.      On April 2, 2014 Defendant Pedro R. Pena was an employee of Defendant Value Transportation Service, driving the subject 2004 semi tractor trailer California license plate #VP52180 for commercial business purposes.

7.      On April 2, 2014 Defendant Value Transportation Services and Defendant Pedro R. Pena were transacting business within New Mexico by using the subject 2004 semi tractor trailer for hire for commercial transportation in and across New Mexico, subjecting Defendants to the laws of New Mexico, including the New Mexico Department of Transportation Rules and Regulations, New Mexico traffic laws and New Mexico insurance requirements.

8.      At all times material hereto the Defendant Granite State Insurance Company was the insurance company that provided liability insurance for the Defendant Value Transportation Services and Defendant Pedro R. Pena and the subject 2004 semi tractor trailer, California license plate #vp52180 vin #1FUJAPCK64DL92223, in accordance with the New Mexico Department of

Transportation Rules and Regulations, New Mexico traffic laws and New Mexico insurance requirements, including NMSA §66-5-201 *et seq*. 1978 (2006).

9. On the afternoon of Wednesday, April 2, 2014, Plaintiff James E. Woodard was driving his 2004 Navigator eastbound on Interstate 10 on the way to his home in Deming New Mexico.

10. On the afternoon of Wednesday, April 2, 2014, Defendant Pedro R. Pena was driving Defendant Value Transportation Service's 2004 semi tractor trailer, California license plate #vp52180 vin #1FUJAPCK64DL92223, east bound on Interstate 10 in Hidalgo County, New Mexico.

11. On Wednesday afternoon, April 2, 2014, a dust storm developed on Interstate 10 near mile posts 10 and 11, causing limited visibility and the traffic to slow down.

12. When the dust storm occurred there were several cars and trucks in front of the Plaintiff that slowed because of limited visibility and the Plaintiff did the same. When the belly dumper semi truck in front of Plaintiff came to a stop, the Plaintiff also had to make a complete stop to avoid hitting the truck in front of him. After the Plaintiff stopped without striking the semi truck in front of him, he began to look around to see what was going on, when he was violently rear-ended by the Defendants' 2004 semi truck and pushed into the rear of the semi truck belly dumper.

13. The Defendants' rear-end impact was so violent that it totaled Plaintiff's Navigator like an accordion and knocked Plaintiff into the back seat, causing him to lose consciousness and suffer other significant and permanent physical injuries.

14. This court has subject matter jurisdiction over this accident and controversy and personal jurisdiction over the Defendants Pedro R. Pena and Value Transportation Service pursuant to the New Mexico Long Arm Statute NMSA § 38-1-16 (1971).

15.     Defendant Granite State Insurance Company, is a foreign insurance company doing business throughout the State of New Mexico and is otherwise subject to the jurisdiction of this Court and otherwise subject to joinder pursuant to to the New Mexico Long Arm Statute NMSA § 38-1-16 (1971) and *Raskob v. Sanchez and Allstate Ins. Co.,* 126 N.M. 394 (1998) and § 38-3-1(F) NMSA 1978 (2005).

<u>**COUNT I**</u>
<u>**DIRECT NEGLIGENCE AS TO DEFENDANT PEDRO R. PENA**</u>

16.     Plaintiff re-alleges all paragraphs of this complaint and incorporates them herein as though set forth in full.

17.     Defendant Pena owed every operator of a motor vehicle on the roadway, including Plaintiff, a duty to exercise ordinary care at all times to prevent an accident.

18.     Defendant Pena owed every operator of a motor vehicle on the roadway, including Plaintiff, a duty to keep a proper lookout and to maintain proper control of his vehicle so as to avoid placing others in danger, and to prevent an accident.

19.     Defendant Cordova breached his duties to the Plaintiff when he failed to exercise ordinary care at all times to prevent an accident; and/or failed to keep a proper lookout and to maintain proper control of his vehicle; and/or drove his semi truck in a careless manner; and/or followed the Plaintiff's vehicle too closely; and/or drove his semi truck too fast for the road conditions.

20.     Defendant Pena was negligent.

21.     Defendant Pena was negligent per se by violating various State of New Mexico traffic laws, including but not limited to violations of NMSA §66-7-3 (required obedience to traffic laws); NMSA §66-8-114 (careless driving), NMSA §66-7-301, 303, & 304 (driving at speed greater than posted limits or at an excessive for conditions); and/or other state statutes.

22. Defendant Pena's negligence and or negligence per se was a cause of the subject collision when Defendant' 2004 semi truck rear-ended Plaintiff's Navigator and Plaintiff's personal injuries, damages and losses, including but not limited to: injuries requiring emergency medical treatment and transportation that cost more than $50,000.00; medical treatment and surgery that cost over $_____; additional follow up medical treatment and rehabilitation care; permanent injury and impairment; pain and suffering; past and future medical expenses; loss of ability to enjoy life and participate in hobbies and recreational activities; property damages; loss of use damages; inconvenience; and other consequential damages.

WHEREFORE Plaintiff James E. Woodard prays for an order of the Court giving Judgement against Defendant Pedro R. Pena, in an amount reasonable to compensate Plaintiff for his injuries, damages and losses; for general and special damages found to be owing by the Court; for the costs of this litigation; for pre and post judgment interest; and for such other and further relief that the Court deems just and reasonable under the circumstances.

**COUNT II**
**RESPONDEAT SUPERIOR LIABILITY**
**AS TO DEFENDANT VALUE TRANSPORTATION SERVICE**

23. Plaintiff re-alleges all paragraphs of this complaint and incorporates them herein as though set forth in full.

24. The subject 2004 semi tractor trailer, California license plate #vp52180 vin #1FUJAPCK64DL92223, involved in the accident/collision which is the subject of this lawsuit was at all times material to this complaint owned and operated by Defendant Value Transportation Service.

25. At all times material to this complaint, Pedro R. Pena was an employee of the Defendant Value Transportation Service, and was acting within the scope of his employment at all times material to this complaint.

26. Under New Mexico law and the circumstances of this case, Defendant Value Transportation Service, as the owner and operator of the semi tractor trailer involved in the subject accident/collision and as the employer of Pedro R. Pena is vicariously liable for ALL conduct, actions, inactions, negligence or admissions of their employee, Pedro R. Pena.

WHEREFORE Plaintiff James E. Woodard prays for an order of the Court giving Judgement against Defendant Value Transportation Service, in an amount reasonable to compensate Plaintiff for his injuries, damages and losses; for general and special damages found to be owing by the Court; for the costs of this litigation; for pre and post judgment interest; and for such other and further relief that the Court deems just and reasonable under the circumstances.

### COUNT III: JOINT AND SEVERAL LIABILITY AGAINST DEFENDANT GRANITE STATE INSURANCE COMPANY

27. Plaintiff re-alleges all paragraphs of this complaint and incorporates them herein as though set forth in full.

28. At all times material hereto, Defendants Value Transportation Service and Pedro R. Pena had in place and effect liability insurance through Granite State Insurance Company which was mandated by New Mexico State Law and New Mexico Department of Transportation regulations.

29.     Defendant Granite State Insurance Company is legally responsible for the negligence or fault of Defendants Value Transportation Service and Pedro R. Pena, as set forth above, in accordance with the insurance policy and Plaintiff is an insured claimant of said policy under New Mexico law.

30.     Defendant Granite State Insurance Company is properly joined and is otherwise subject to the jurisdiction of this Court pursuant to to the New Mexico Long Arm Statute NMSA § 38-1-16 (1971) and *Raskob v. Sanchez and Allstate Ins. Co.,* 126 N.M. 394 (1998) and § 38-3-1(F) NMSA 1978 (2005).

WHEREFORE, Plaintiff James E. Woodard prays for an Order of the Court giving judgment against Defendant Granite State Insurance Company in an amount reasonable to compensate Plaintiff for his injuries, damages and losses; for general and special damages found to be owing by the Court; for the costs of this litigation; for pre and post judgment interest; and for such other and further relief that the Court deems just and reasonable under the circumstances.

Respectfully submitted;

WILL FERGUSON & ASSOCIATES

  /s/Robert C. Gutierrez
ROBERT C. GUTIERREZ
*Attorney for Plaintiff*
10090 Coors Blvd NW Ste A
Albuquerque, NM 87110
Phone: (505)243-5566
Fax: (505)897-2279